IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER SALEM, | ) | CIVIL 15-00384 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALAN ARAKAWA, individually | ) | |
| and in his official capacity | ) | |
| as MAYOR OF THE COUNTY OF | ) | |
| MAUI; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO REMAND;
AND (2) GRANTING THE MOTION TO DISMISS AND/OR FOR
PARTIAL SUMMARY JUDGMENT FILED BY DEFENDANTS DEPARTMENT
OF THE CORPORATION COUNSEL, DEPARTMENT OF PUBLIC WORKS,
<u>DEPARTMENT OF PLANNING, AND DEPARTMENT OF FINANCE</u>**

On September 18, 2015, Plaintiff Christopher Salem
("Plaintiff") filed a Complaint in Circuit Court of the Second
Circuit, State of Hawai`i. [Dkt. no. 1, Exh. A - Part 1.]  On
September 28, 2015, Defendants County of Maui; Alan Arakawa
("A. Arakawa"), in his official capacity as Mayor of the County
of Maui; Department of Public Works; Department of Planning;
Department of Finance; Patrick Wong ("Wong"), in his official
capacity as Corporation Counsel for the County of Maui;
Keith Regan ("Regan"), in his official capacity as former
Director of the Department of Finance, County of Maui;
David Goode ("Goode"), in his official capacity as Director of
Public Works, County of Maui; Milton Arakawa ("M. Arakawa"), in

his official capacity as former Director of Public Works, County of Maui; William Spence ("Spence"), in his official capacity as Director of Planning, County of Maui; John Minn ("Minn"), in his official capacity as former director of the Department of Planning County of Maui; and Jeffrey Hunt ("Hunt"), in his official capacity as former Director of the Department of Planning, County of Maui (collectively "County Defendants") filed a Notice of Removal ("9/28/15 Notice"). [Dkt. no. 1.] On October 28, 2015, Plaintiff filed a Motion to Remand, and on October 29, 2015, Plaintiff filed an errata to the Motion to Remand ("Errata"). [Dkt. nos. 12, 13.] On November 23, 2015, the County Defendants filed a memorandum in opposition to the Motion to Remand and the Errata, and Plaintiff filed a reply on December 4, 2015. [Dkt. nos. 21, 27.]

On September 29, 2015, Defendants Department of the Corporation Counsel, Department of Public Works, Department of Planning, and Department of Finance (collectively "County Departments") filed a Motion to Dismiss and/or for Partial Summary Judgment ("County Departments' Motion"). [Dkt. no. 5.] Plaintiff did not file a memorandum in opposition. The Motion to Remand, Errata, and the County Departments' Motion were all originally set for hearing on December 14, 2015. In an Entering Order filed on December 8, 2015 ("12/8/15 EO"), the Court, *inter alia*, vacated the hearing and found these matters suitable for

2

disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. [Dkt. no. 31.]

On November 30, 2015, Defendants A. Arakawa, Wong, Regan, Goode, M. Arakawa, Spence, Minn, and Hunt, in their individual capacities ("Individual Defendants"), filed a substantive joinder to the County Defendants' opposition to the Motion to Remand and the Errata. [Dkt. no. 23.] Then, on December 7, 2015, the Individual Defendants filed a Formal Joinder to Defendants' Notice of Removal Filed on September 28, 2015 ("12/7/15 Joinder"). [Dkt. no. 30.] The Court was concerned whether the removal was proper, and directed all parties to submit briefs addressing the issue. [12/8/15 EO at 2.]

On December 15, 2015, Defendants Wong, Goode, M. Arakawa, Minn, and Hunt, in their individual capacities ("Unserved Individual Defendants"), filed a Notice of Removal ("12/15/15 Notice"). [Dkt. no. 33.] Also on December 15, 2015, the Individual Defendants and the County Defendants filed briefs responding to the 12/8/15 EO ("Individual Defendants' Suppl. Brief" and "County Defendants' Suppl. Brief"). [Dkt. nos. 34, 35.] Finally, on December 22, 2015, Plaintiff filed his response to the 12/8/15 EO ("Plaintiff's Suppl. Brief"). [Dkt. no. 43.]

After careful consideration of the motions, memoranda,

and the relevant legal authority, Plaintiff's Motion to Remand is DENIED and the County Departments' Motion is GRANTED for the reasons set forth below.

**DISCUSSION**

## I.   Motion to Remand

28 U.S.C. § 1447(c) states, in relevant part, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Here, Plaintiff filed what appears to be a partial draft of the Motion to Remand on October 28, 2015 – thirty days after the 9/28/15 Notice was filed.  Plaintiff did not submit the completed motion until he filed the Errata on October 29, 2015.  In the Errata, Plaintiff's counsel explains that he was "attempting to upload and to file his Motion to Remand when his word processing program froze-up and subsequently all the changes he had saved to his document were lost and hours of work were gone." [Errata at 2.]  While the Court is sympathetic to Plaintiff's computer issues, § 1447(c) is clear and Plaintiff's completed motion to remand is untimely.  Therefore, Plaintiff's Motion to Remand and the Errata must be DENIED.

The Court notes, however, that Plaintiff's Motion to Remand was not without merit.  It is undisputed that the Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331.  <u>See</u>

4

9/28/15 Notice at ¶ 4 ("This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331"); Reply at 8[1] ("Salem acknowledges that while the Federal District Court may have original and supplemental jurisdiction over the case . . . ."). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441(a) allows for removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1446(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  "The removing party has the burden of affirmatively explaining the absence of any co-defendants in the event that fewer than all co-defendants have joined in a removal action." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N. D. Cal. July 16, 2009).

It is clear to the Court that 9/28/15 Notice did not include the consent of the Individual Defendants.  See 9/28/15 Notice at 2-3 (naming only the County Defendants as parties to the removal).  Further, while the 12/15/15 Notice states that

---

[1] The Reply is not consecutively paginated, and the pages numbers used here refer to the page numbers in the district court's electronic case filing system.

some of the Individual Defendants were never properly served, A. Arakawa, Regan, and Spence ("Served Individual Defendants") were served when the County Defendants filed the 9/28/15 Notice. [County Defendants' Suppl. Brief at 1-2; 12/15/15 Notice at ¶¶ 6-7.]  The 9/28/15 Notice, filed by the County Defendants, does not explain the absence of Served Individual Defendants, and the 12/7/15 Joinder did not cure this procedural defect.  See, e.g., Walker v. Cal. Dep't of Corr., No. 2:09-cv-0569-KJN P, 2010 WL 1006417, at *3 (E.D. Cal. Mar. 17, 2010) ("[T]he belated consent to removal by defendants (more than 30 days after service of the complaint upon them) does not cure the unanimity deficiency."), report and recommendation adopted sub nom., Walker v. Cal. Dep't of Corr., No. 2:09-cv-0569 WBS KJN (PC), 2010 WL 2089351 (E.D. Cal. May 21, 2010).

        This Court, however, has denied Plaintiff's Motion to Remand as untimely and may not remand this case sua sponte. Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[F]ive other circuits have addressed the question.  Each has held that the district courts have no authority to remand a case sua sponte for procedural defects.  We recognize that procedural rules are best applied uniformly, and we decline to create a circuit split." (internal citations omitted)).  This Court also notes that "the rule of unanimity [does] not require defendants who were not served or

did not make any appearance in state court to consent to removal." See Tacey Goss P.S. v. Barnhart, No. C13-800MJP, 2013 WL 4761024, at *3 (W. D. Wash. Sept. 4, 2013) (citing Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011)).  The Unserved Individual Defendants, therefore, did not need to consent to the 9/28/15 Notice.  On November 30, 2015, however, all of the Individual Defendants, including the Unserved Individual Defendants, filed a Motion for Partial Dismissal of Claims in Plaintiff's Complaint Filed on September 18, 2015, and for a More Definite Statement as to Certain Claims ("Individual Defendants' Motion"),[2] [dkt. no. 22,] thus waiving the Unserved Individual Defendants' defense of insufficient service of process.  See Fed. R. Civ. P. 12(h)(1)(A) (explaining that the defense of insufficient service of process is waived if it is not raised in an unserved party's first motion filed pursuant to Rule 12).

The 12/15/15 Notice was filed within thirty days of the Unserved Individual Defendants' waiver of service of process. See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").  In Addition, the 12/15/15 Notice submits that the County Defendants and the Served Individual Defendants

---

[2] The Individual Defendants' Motion is set for hearing on January 11, 2016 at 10:30 a.m.

all join in and consent to removal.  [12/15/15 Notice at ¶¶ 5-6.]
Thus, all defendants have consented to removal.  The court
therefore FINDS that any procedural defect that existed has been
cured.  Cf. Destfino, 630 F.3d at 957 ("[T]he district court may
allow the removing defendants to cure the defect by obtaining
joinder of all defendants prior to the entry of judgment."
(citation omitted)).

In short, Plaintiff's Motion to Remand is untimely, the
9/28/15 Notice is defective and therefore not a proper removal of
this action, the 12/7/15 Joinder does not cure the defect, and
the 12/15/15 Notice is a proper removal of the action.  The Court
INFORMS Plaintiff that, if he plans to file a motion to remand in
response to the 12/15/15 Notice, he must do so within the time
provided by statute.  See 28 U.S.C. § 1447(c).

## II.  County Departments' Motion

The Court now turns to the County Departments' Motion,
which seeks the dismissal of the County Departments because they
"are controlled by the mayor, and are under the supervision and
management of the executive branch" and because the departments
are not "identified by any statute, by charter, or by ordinance
as an independent or separate legal entity from the County of
Maui."  [Mem. in Supp. of County Departments' Motion at 4-5
(emphases omitted).]  While the Court has denied Plaintiff's
Motion to Remand as untimely, the Court notes that in the Errata,

8

Plaintiff stated "it was never [Plaintiff's] intention to name departments as parties, only to refer to them each in reference to their particular responsibilities and obligations pursuant to the Maui County Charter."  [Errata at 1 n.1.]  Moreover, Plaintiff did not file any memorandum in opposition to the County Departments' Motion.

The Court has previously ruled that "[s]ince [the Honolulu Police Department ("HPD")] is not a distinct legal entity from the City and County of Honolulu, the Court finds that Plaintiff's suit against HPD fails to 'state a claim upon which relief can be granted.'"  Phillips v. Honolulu Police Dep't, Civil No. 11-00248 LEK-RLP, 2011 WL 2531260, at *2 (D. Hawai`i June 23, 2011) (emphasis omitted) (quoting Fed. R. Civ. P. 12(b)(6)).  Similarly, the Department of the Corporation Counsel, Department of Public Works, Department of Planning, and Department of Finance are not distinct legal entities.  See County Departments' Concise Statement, filed 9/29/15 (dkt. no. 6), at ¶¶ 4-7 (showing that the County of Maui Charter calls for the creation of each of the County Departments as part of the County of Maui corporate entity).  The Court FINDS that Plaintiff's claims as to these departments do not state a claim for which relief can be granted, and the departments are DISMISSED WITH PREJUDICE because the defect in these claims cannot be cured by amendment.  See, e.g., Cook, Perkiss & Liehe,

9

<u>Inc. v. N. Cal. Collection Serv., Inc.</u>, 911 F.2d 242, 247 (9th Cir. 1990) ("We have held that in dismissals for failure to state a claim, a district court should grant leave to amend if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)).

<u>**CONCLUSION**</u>

On the basis of the foregoing, Plaintiff Christopher Salem's Motion to Remand, filed on October 28, 2015, and Errata, filed on October 29, 2015, are HEREBY DENIED, and the Motion to Dismiss and/or for Partial Summary Judgment, filed by Defendants Department of the Corporation Counsel, Department of Public Works, Department of Planning, and Department of Finance, is HEREBY GRANTED and Plaintiff's claims against those defendants are DISMISSED WITH PREJUDICE.

There being no remaining claims against the Department of the Corporation Counsel, Department of Public Works, Department of Planning, and Department of Finance, the Court DIRECTS the Clerk's Office to enter final judgment and close the case as to these defendants on **January 20, 2016**, unless Plaintiff files a motion for reconsideration of this Order by **January 18, 2016**.

The hearing on the Individual Defendants' Motion will proceed as scheduled.

10

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 30, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CHRISTOPHER SALEM, ET AL. VS. ALAN ARAKAWA, ET AL; CV 15-00384 LEK-KSC; ORDER: (1) DENYING PLAINTIFF'S MOTION TO REMAND; AND (2) GRANTING THE MOTION TO DISMISS AND/OR FOR PARTIAL SUMMARY JUDGMENT FILED BY DEFENDANTS DEPARTMENT OF THE CORPORATION COUNSEL, DEPARTMENT OF PUBLIC WORKS, DEPARTMENT OF PLANNING, AND DEPARTMENT OF FINANCE