IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER SALEM, | ) | CIVIL NO. 15-00384 LEK-KJM |
| | ) | |
| Plaintiff, | ) | (1) ORDER GRANTING |
| vs. | ) | PLAINTIFF CHRISTOPHER |
| | ) | SALEM'S MOTION FOR LEAVE |
| ALAN ARAKAWA, individually | ) | TO FILE A SUPPLEMENTAL |
| and in his official capacity | ) | ADDENDUM TO PROPOSED |
| as MAYOR OF THE COUNTY OF | ) | FIRST AMENDED COMPLAINT |
| MAUI; et al., | ) | EXHIBIT "A" IN PLAINTIFF |
| | ) | SALEM'S SECOND MOTION FOR |
| Defendants. | ) | LEAVE ET AL.; AND |
| | ) | (2) FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| | ) | PLAINTIFF CHRISTOPHER |
| | ) | SALEM'S MOTION FOR LEAVE |
| | ) | TO FILE A FIRST AMENDED |
| | ) | COMPLAINT |
| _____ | ) | |

(1) ORDER GRANTING PLAINTIFF CHRISTOPHER SALEM'S MOTION
FOR LEAVE TO FILE A SUPPLEMENTAL ADDENDUM TO PROPOSED
FIRST AMENDED COMPLAINT EXHIBIT "A" IN PLAINTIFF SALEM'S
SECOND MOTION FOR LEAVE ET AL.; AND (2) FINDINGS AND
RECOMMENDATION TO DENY PLAINTIFF CHRISTOPHER SALEM'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Plaintiff Christopher Salem ("Plaintiff" or "Mr. Salem") filed a

Motion for Leave to File a First Amended Complaint on August 22, 2016

("Motion"). *See* ECF No. 122. Mr. Salem subsequently filed an Errata to the

Motion on August 23, 2016 ("Errata"). *See* ECF No. 124. Defendants County of

Maui; Alan Arakawa ("A. Arakawa"), in his official capacity as Mayor of the

County of Maui; Department of Public Works; Department of Planning;

Department of Finance; Patrick Wong ("Wong"), in his official capacity as

Corporation Counsel for the County of Maui; Keith Regan ("Regan"), in his

official capacity as former Director of the Department of Finance, County of Maui;

David Goode ("Goode"), in his official capacity as former Director of Public

Works, County of Maui; Milton Arakawa ("M. Arakawa"), in his official capacity

as former Director of Public Works, County of Maui; William Spence ("Spence"),

in his official capacity as former Director of Planning, County of Maui; John Min

("Min"), in his official capacity as former director of the Department of Planning

County of Maui; and Jeffrey Hunt ("Hunt"), in his official capacity as former

Director of the Department of Planning, County of Maui (collectively "County

Defendants") filed their Opposition on September 8, 2016.  *See* ECF No. 127.  A.

Arakawa, Wong, Regan, Goode, M. Arakawa, Spence, Min, and Hunt, in their

individual capacities ("Individual Defendants"), filed their Opposition on the same

day.  *See* ECF No. 126.  Mr. Salem filed his Reply to the County Defendants'

Opposition and his Reply to the Individual Defendants' Opposition on September

15, 2016 (Individual and County Defendants collectively referred to as

"Defendants").  *See* ECF No. 130-131.

The Court held a hearing on the Motion on September 29, 2016 at

10:00 a.m.  *See* ECF No. 134.  Burton D. Gould, Esq. appeared telephonically on

behalf of Plaintiff.  Brian A. Bilberry, Esq. appeared on behalf of County

Defendants, and David M. Louie, Esq. and Nicholas R. Monlux, Esq. appeared on

behalf of Individual Defendants.

On October 13, 2016, Plaintiff filed a Motion for Leave to File a

Supplemental Addendum to Proposed First Amended Complaint Exhibit "A" in

Plaintiff Salem's Second Motion for Leave et al ("Motion to Supplement").

Defendants filed an Opposition to the Motion to Supplement on October 24, 2016.

*See* ECF Nos. 142, 145.  Plaintiff filed his Reply to Defendants' Opposition on

November 6, 2016.  *See* ECF No. 150.  The Court declined to have a hearing on

the Motion to Supplement.  ECF No. 143.

After careful consideration of the Motion to Supplement, briefs,

declarations, exhibits, and arguments of the parties in their written submissions, the

Court GRANTS Plaintiff's Motion to Supplement.

In addition, the Court has carefully considered the Motion for Leave

to File FAC, the proposed FAC (including the additional claims in the Motion to

Supplement), briefs, declarations, exhibits, the arguments of the parties in their

written submissions and during the hearing, and the record as a whole.  Being fully

advised in the matter, the Court FINDS and RECOMMENDS that the district

Court deny Mr. Salem's Motion on futility grounds.

BACKGROUND

The procedural history in this case is extensive.  The Court thus details the background of this case only to the extent necessary to analyze the instant Motion for Leave to File FAC.

This matter arises from a Complaint filed in the Circuit Court of the Second Circuit, State of Hawaii, on September 18, 2015.  *See* ECF No. 1-1.  Mr. Salem alleged twenty-one claims against County Defendants and Individual Defendants and asserted twenty-eight various requests for injunctive, declaratory, and other forms of relief.  *See* ECF No. 82 at 11 (District Court Order detailing Mr. Salem's claims).

Based on federal question jurisdiction, County Defendants removed the action to this Court on September 28, 2015, and subsequently filed a Motion to Dismiss and/or for Partial Summary Judgment on September 29, 2015.  *See* ECF Nos. 1, 5.  On November 30, 2015, Individual Defendants filed a Motion for Partial Dismissal of Claims in Plaintiff's Complaint, filed on September 18, 2015, and for a More Definite Statement as to Certain Claims ("Motion for Partial Dismissal and for a More Definitive Statement").  *See* ECF No. 22.

On March 8, 2016, Mr. Salem filed a Motion for Leave to File First Amended Complaint.  *See* ECF No. 77.  On March 15, 2016, the Court issued its order on Individual Defendants' Motion for Partial Dismissal and for a More

Definitive Statement ("March 15, 2016 Order").  *See* ECF No. 82.  First, the Court

found that the Complaint did not comply with Rule 8 of the Federal Rules of Civil

Procedure and was an impermissible "shotgun pleading."  *See* ECF No. 85 at 12

(citing *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766 AG (Anx), 2010

WL 2674456, at *4 (C.D. Cal. June 30, 2010) ("Shotgun pleadings are pleadings

that overwhelm defendants with an unclear mass of allegations and make it

difficult or impossible for defendants to make informed responses to the plaintiff's

allegations.  They are unacceptable.").  The Court reasoned that Plaintiff attempted

to explain the alleged wrongful actions of Maui County officials and their

associates, "and then trie[d] to connect these actions to legal fees from a separate

case, a lien on his property, and a subsequent foreclosure."  ECF No. 82 at 14.  The

Court noted that Plaintiff did not explain the legal fees or the foreclosure, nor did

he establish a causal nexus between Maui County's alleged wrongful actions and

the harm that he alleged suffered.  *Id*.

        The Court further explained that the 133-page Complaint, with its 604

numbered paragraphs and 131 pages of declarations and exhibits, was

"meandering, repetitive, confusing, and at times, incomprehensible" and that it

consisted of a "seemingly endless series of statements that Plaintiff insist[ed]

trace[d] the relevant history of the instant suit."  *See* ECF No. 82 at 14.  The Court

stated, "[w]hile 'the proper length and level of clarity for a pleading cannot be

defined with any great precision,' Rule 8(a) has 'been held to be violated by a

pleading that was needlessly long, or a complaint that was highly repetitive, or

confused, or consisted of incomprehensible rambling.'"  *Id*. at 15 (citing *Cafasso v.*

*Gen. Dynamics C4 Sys*., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d

ed. 2010)).  Accordingly, the Court dismissed the entire Complaint.  ECF No. 82 at

18.

Second, the Court found that three of the claims asserted by Plaintiff

in his Complaint alleged violations of criminal statutes, which Plaintiff did not

have standing to assert.  ECF No. 82 at 17.  The Court thus dismissed with

prejudice three of the claims asserted by Plaintiff in the Complaint.  *Id.* at 18.  The

Court then permitted Plaintiff to file a motion to amend the Complaint if he so

desired, and noted that such a motion had been filed on March 8, 2016, and was

currently pending before the magistrate judge.  *Id*. at 21 (referring to ECF No. 77].

On March 22, 2016, Mr. Salem withdrew his March 8, 2016 Motion

for Leave to File First Amended Complaint.  *See* ECF No. 86.  The Court then

issued an Entering Order advising Mr. Salem that he was to file any revised motion

for leave to amend complaint no later than April 25, 2016.  *Id*.  Mr. Salem timely

filed his First Motion for Leave to File First Amended Complaint.  ECF No. 88.

On July 22, 2016, this Court denied Mr. Salem's First Motion for Leave to File First Amended Complaint.  The Court found that despite being given over a month to file his amended motion for leave to file a first amended complaint, Plaintiff had not complied with the district court's March 15, 2016 Order.  ECF No. 112 at 9.  Instead, Plaintiff had added even more information and more claims to the proposed complaint, "leaving Defendants to wade through the same unwieldy morass of incomprehensible claims from his original Complaint." *Id*.

This Court did, however, grant Mr. Salem leave to file a second motion for leave to file a First Amended Complaint no later than August 12, 2016. The Court cautioned Plaintiff, however, that he must comply with Rule 8 and that any further motion to amend was required to be significantly pared down.  ECF No. 112 at 13.  The Court further advised Plaintiff that he could not "(1) add any further claims to his proposed FAC; (2) simply add new paragraphs to the proposed FAC; nor (3) incorporate by reference all the preceding allegations into one count as Mr. Salem ha[d] done repeatedly in the proposed FAC before this Court."  *Id*.  The Court also explained to Plaintiff that a "complaint must clearly set forth the claims and allegations against each defendant, and should not include unrelated claims against different defendants."  *Id*. at 14.  The Court thus advised

plaintiff that "[s]pecific factual allegations and the specific legal claims must match up to a specific defendant." *Id.*

On August 12, 2016, Plaintiff's counsel requested an extension of time to file the second Motion for Leave to File FAC, which this Court granted, extending the deadline to August 22, 2016. *See* ECF No. 121. Plaintiff timely filed his Second Motion for Leave to File a First Amended Complaint ("Motion"). ECF No. 122. On October 13, 2016, Plaintiff filed his Motion to Supplement.

DISCUSSION

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Normally, when a viable case may be pled, a district court should freely grant leave to amend." *Cafasso,* 637 F.3d 1047, 1058 (citation omitted). Liberality in granting leave to amend must be restrained, however, by the Court's consideration of a number of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." (collectively "*Foman* factors"). *Foman*, 371 U.S. at 182.

Futility alone can justify the denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "When a court denies leave

to amend on the ground of futility, it means that the court has reached the legal conclusion that the amended complaint could not withstand a Rule 12(b)(6) motion." *Illinois Nat. Ins. Co. v. Nordic PLC Const., Inc.*, No. CIV. 11-00515 SOM, 2013 WL 1337007, at *5 (D. Haw. Mar. 28, 2013). "Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Nordyke v. King*, 644 F.3d 776, 788 n. 12 (9th Cir. 2011) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

## I.  THE COURT GRANTS PLAINTIFF'S MOTION TO SUPPLEMENT

As a preliminary matter, the Court addresses Plaintiff's request to "supplement" his Motion for Leave to File FAC.  ECF No. 140.  Since Plaintiff commenced this action over a year ago on September 28, 2015, the Court has given him three opportunities to amend his complaint.  *See* ECF Nos. 77, 88, 122. There is currently no operative complaint in this action because Plaintiff has not been able to produce a legally sufficient complaint.

Plaintiff's Motion to Supplement yet again seeks to amend his complaint.  Plaintiff seeks to add two additional counts to his proposed

complaint—negligence and gross negligence, and fraudulent concealment—to "cure what the Court may consider to be a defect in his proposed First Amended Complaint."  ECF No. 140 at 2.  Although titled a Motion for Leave to File a Supplemental Addendum to Salem's First Proposed Amended Complaint, the Motion to Supplement is simply a fourth motion for leave to file an amended complaint.

Plaintiff has had multiple opportunities to amend his complaint. Plaintiff does not provide any reasons as to why he could not have included these additional claims in the original Motion for Leave to File FAC filed August 22, 2016.  Notwithstanding Plaintiff's repeated failures to produce a legally sufficient complaint, for the sake of completeness and to afford Plaintiff every opportunity to produce an acceptable amended complaint, this Court GRANTS Plaintiff's Motion to Supplement.  Accordingly, for the purposes of this Court's analysis of the Plaintiff's Motion for Leave to File FAC, the proposed FAC this Court references from this point forward shall be the proposed FAC attached to Plaintiff's Motion to Supplement.  *See* ECF No. 140-3.

## II.  THE COURT FINDS THAT GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT WOULD BE FUTILE

Plaintiff alleges the following claims in his proposed FAC: (1) Negligence and gross negligence; (2) fraudulent concealment; and (3) declaratory

and injunctive relief.  ECF No. 140-3.  The Court has carefully reviewed the

proposed FAC, and FINDS that granting Plaintiff leave to amend his complaint

would be futile.

A.  Negligence and Gross Negligence

    "[F]or a complaint to survive a motion to dismiss, the non-conclusory

'factual content,' and reasonable inferences from that content, must be plausibly

suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*,

572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant has acted

unlawfully is not sufficient to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of 'entitlement to relief.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 557 (2007)).  "A claim has facial plausibility when the pleaded factual content

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Iqbal*, 556 U.S. at 663.

    Plaintiff alleges that the County Defendants' failure to enforce a

conditioned, unfulfilled, expired, and open Shoreline Management Area Permit

("SMA Permit") issued to developer Lot 49A, LLC ("Developer") in Plaintiff's

subdivision constituted negligence and gross negligence.  ECF No. 140-3 at 17.

Plaintiff lists a number of actions that appear to be in support of this contention

including allegations that (1) the Mayor and Corporation County defended and supported Defendant Arakawa's decision to sign off on the SMA permit; (2) Defendants Hunt, Spence, and Corporation Counsel Wong refused to issue a notice of non-compliance to the Developer regarding the unfulfilled SMA Permit; (3) "Hunt and Spence" issued subsequent SMA permits in Salem's subdivision while the underlying SMA permit remained unfulfilled; (4) the Defendant County failed to investigate "proven Consultant and Engineering fraud on [the Developer's] order of magnitude SMA valuation"; (5) the "concealed SMA Permit Engineering Valuations were fraudulently devalued" by the Developer; (6) the Defendant County unlawfully permitted fraudulent valuations, manipulating State of Hawaiʻi shoreline setback and preservation laws causing harm to the public interest; and (7) Defendant County permitted attorney Margery Bronster to simultaneously represent the Developer while being employed by the Corporation Counsel.  ECF No. 140-3 at 16-23.

The Court finds that not only does Plaintiff fail to allege even the basic elements of a negligence or gross negligence claim, but Plaintiff fails to allege any factual content plausibly suggestive of a claim for negligence and gross negligence.  Plaintiff's allegations are a string of confusing statements that do nothing more than suggest a mere possibility that Defendants acted unlawfully.

In order to succeed on a claim for negligence, a party must show the following elements:

> 1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; 2. A failure on [the defendant's part] to conform to the standard required; 3. A reasonable close causal connection between the conduct and the resulting injury; [and] 4. Actual loss or damage resulting to the interests of another.

*White v. Sabatino*, 415 F. Supp. 2d 1163, 1173 (D. Haw. 2006) (citing *Ono v. Applegate*, 62 Haw. 131, 137, 612 P.2d 533, 538 (1980)).

"In order to succeed on a claim for gross negligence a party must show 'that there has been an 'entire want of care' which raises a presumption of 'conscious indifference to consequences.'" *Costales v. City & Cnty of Honolulu*, No. CIV. 12-00171 JMS, 2012 WL 4863786, at *6 (D. Haw. Oct. 12, 2012) (citing *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1234 (D. Haw. 2010 (quoting *Mullaney v. Hilton Hotels Corp.*, 634 F. Supp. 2d 1130, 1154 (D. Haw. 2009))). Gross negligence "is simply a point on a continuum of probability, and its presence depends on the particular circumstance of each case." *Id.* (citing *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1015 (9th Cir. 1999) (internal citation and quotation omitted); *Pancakes of Haw., Inc. v. Pomare Props. Corp.*, 85 Haw. 286, 293, 944 P.2d 83, 90 (App. 1997) ("The element of culpability that characterizes

all negligence is in gross negligence magnified to a high degree as compared with

that present in ordinary negligence.") (internal citation and quotation omitted)).

Here, the Court is unable to draw any reasonable inferences from

Plaintiff's alleged facts that Defendants are in fact, liable for negligence or gross

negligence.  The proposed FAC merely states that the County Defendants "had a

duty to Salem and to the residents and taxpayers of the County of Maui," and

"failed to use the kind of care a reasonable person would use and demonstrated

complete indifference to the consequence of their acts and, or omission [sic]."

ECF No. 140-3 at 16.  Such conclusory allegations, however, are altogether

insufficient to state a claim.  *See Herschelman v. New Century Mortg. Corp.*, No.

CV 09-00461 DAE-KSC, 2010 WL 4448224, at *2 (D. Haw. Oct. 29, 2010) ("In

providing grounds for relief . . . a plaintiff must do more than recite the formulaic

elements of a cause of action.").

In addition, Plaintiff fails, for a second time, to establish a reasonable

causal connection between Defendants' conduct and his resulting injury.  Plaintiff

states in paragraph 41 that certain Defendants' concealment of SMA file

documents was the direct and proximate cause of unlawful liens clouding the title

on Salem's mortgaged properties.  ECF No. 140-3 at 13.  Then, in paragraph 71,

Plaintiff again alleges that the concealment of these SMA permit file documents

resulted in a lien, was the "direct and/or proximate cause" of the foreclosure of

Salem's property.  ECF No. 140-3 at 22.  Plaintiff fails, however, to allege any facts that allow this Court to establish a causal nexus between Defendants' allegedly unlawful conduct and the "unlawful liens" and subsequent foreclosure.

The district court previously explained to Plaintiff that his complaint failed to establish a causal nexus between Maui County's alleged mismanagement of the SMA Permitting process and the harm that Plaintiff alleged suffered from this mismanagement.  ECF No. 82 at 14.  Plaintiff again fails to connect how Defendants' alleged negligence was the direct cause of the foreclosure.  The proposed FAC forces Defendants and this Court to speculate regarding (1) what duty each Defendant had to Plaintiff; (2) how each Defendant breached that duty; and (3) how that breach caused injury to Plaintiff.  The Court finds that Plaintiff's allegations are nothing more than formulaic recitations of the elements of his claim and are thus, not entitled to any assumption of truth.  *See Moss*, 572 F.3d at 969 (explaining that bare assertions amounting to nothing more than a "formulaic recitation of the elements" of a claim are conclusory and not entitled to an assumption of truth because they "do nothing more than state a legal conclusion . . . cast in the form of a factual allegation") (citing *Iqbal*, 556 U.S. at 1951).

In addition, Plaintiff continues to chaotically hurl various allegations without clearly setting forth the claims and allegations against each defendant, and continues to include unrelated claims against different defendants.  In fact, the

Court is not entirely certain that Plaintiff has any claims against any of the

Individual Defendants because Plaintiff does not differentiate the claims against

the Defendants in their individual capacity versus their official capacities.  If there

are any claims against the Individual Defendants, those claims are nowhere to be

found in the proposed FAC before this Court.

As explained to Plaintiff, the district court's discretion to deny leave

to amend is particularly broad where a plaintiff "has previously been granted leave

to amend and has subsequently failed to add the requisite particularity to its

claims[.]"  ECF No. 112 at 14 (citing *Zucco Partners, LLC v. Digimarc Corp.*, 552

F.3d 981, 1007 (9th Cir. 2009).  Plaintiff fails yet again to add the requisite

particularity to his claims required by the Federal Rules of Civil Procedure.

Plaintiff is represented by counsel, but still disregards this Court's clear

instructions that Plaintiff's complaint should (i) give fair notice and state the

elements of his claims plainly and succinctly, (ii) clearly set forth the claims and

allegations against each defendant, and (iii) not include unrelated claims against

different defendants.  Accordingly, based on Plaintiff's repeated failures to comply

with this Court's and the district court's orders, this Court finds that granting

Plaintiff leave to amend his complaint to include claims for negligence and gross

negligence would be futile.

B.      Fraudulent Concealment

Plaintiff also seeks to amend his complaint to allege a claim for fraudulent concealment.  *See* ECF No. 140-3 at 19.  "Fraudulent concealment is just a form of fraud," and is thus evaluated using the four elements required to state a traditional fraud claim.  *Pac. Stock, Inc. v. Pearson Educ., Inc*., 927 F. Supp. 2d 991, 1004 (D. Haw. 2013).  "To prevail on a fraud claim, a plaintiff must demonstrate (1) that false representations were made by the defendant, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon them, and (4) that the plaintiff detrimentally relied on them."  *Pac. Stock, Inc. v. Pearson Educ., Inc*., 927 F. Supp. 2d 991, 1003-04 (D. Haw. 2013) (citing *Hawaii's Thousand Friends v. Anderson*, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989)).

In addition, where fraud is alleged, the pleading requirements of Federal Rule of Civil Procedure 9(b) apply to the claim regardless of whether the claim is based on federal or state law.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).  Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Accordingly, "[t]o satisfy Rule 9(b), the plaintiff must include 'the

who, what, when, where, and how' of the fraud." *Vess*, 317 F.3d at 1106 (citing

*Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

Plaintiff alleges that Defendants deliberately hid, failed to disclose,

and suppressed "material facts and circumstances they were legally and ethically

bound to reveal and, or disclose, with the intent to deceive Plaintiff and the

residents and taxpayers of the Maui County." ECF No. 140-3 at 20. Plaintiff

alleges that had Defendants not unlawfully concealed these material facts, he

would have acted "differently than he would have if he had known the material

facts." *Id*. Plaintiff further alleges that Defendants concealed Developer's

Environmental Assessment Studies and Civil Engineering Order of Magnitude

Project Valuations from September 2001 through November 15, 2015, and that

these documents were the direct and/or proximate cause of a fraudulently induced

settlement agreement entered into between Plaintiff and the Developer, which was

the direct and/or proximate cause of a financially devastating legal dispute between

Plaintiff and Developer. *Id*. at 21. Finally, Plaintiff alleges that the "concealment

and suppression" of "SMA file documents" was the "direct and, or proximate

cause of a personal lien," which lien was the "direct and, or proximate cause" of

the foreclosure of Plaintiff's property. *Id*. at 22.

The Court finds that Plaintiff absolutely fails to state with particularity

the circumstances constituting fraud.

First, Plaintiff fails to state with particularity what the Defendants fraudulently concealed from Plaintiff.  Plaintiff refers generally to various SMA studies and valuations, alleging that Defendants concealed the "SMA file documents" referred to in paragraph 64 and 65.  ECF No. 140-3 at 21 ¶ 68. Paragraphs 64 and 65, however, do not provide any specific information about these SMA file documents.  Rather, these paragraphs repeatedly reference "material facts and circumstances" without elaborating any further.  Accordingly, Plaintiff fails to disclose with any kind of specificity even the most basic information required in a fraudulent concealment claim—the specific information Defendants allegedly concealed that Plaintiff relied on.

Second, Plaintiff fails to allege when the fraud allegedly occurred. Plaintiff alleges that Defendants concealed certain unspecified information for a period of 14 years.  Specifying the 14 year period that Defendants allegedly concealed the unspecified information, however, hardly satisfies Rule 9's heightened requirement that parties must plead the "when" of the alleged fraud. Plaintiff does not provide any further information regarding when the unspecified documents were produced, when the Defendants concealed the information, when Plaintiff discovered Defendants had concealed the information, and when Plaintiff relied on the concealed information.  The Court is thus unable to determine with

particularity the timeframe that any of the alleged fraud occurred or when the

Plaintiff relied on the alleged fraud.

Third, Plaintiff fails to specify the "who" and "how" of the fraud.

Plaintiff does not specify the role each Defendant played in the alleged

concealment nor how Defendants concealed the "material facts and

circumstances." Instead, Plaintiff makes a conclusory statement that the Defendant

County through Defendants Arakawa, Goode, Hunt, Spence, and Wong in their

official capacities, fraudulently concealed the unspecified facts and circumstances.

Plaintiff provides no further details on how each Defendant took part in concealing

the "facts and circumstances." Accordingly, Plaintiff's claim fails to meet the

requirements of Rule 9. *See Sakugawa v. Countrywide Bank F.S.B.*, 769 F. Supp.

2d 1211, 1224–25 (D. Haw. 2011) (finding that the plaintiff's failure to plead

either the time and place of any alleged fraud or what specific role played by each

defendant was insufficient to meet plaintiff's burden under Rule 8, much less the

more rigorous requirements of Rule 9).

In the absence of even the most basic information about the alleged

fraudulent concealment, what the specific "material facts and circumstances" are,

and who and how each Defendant perpetuated the fraud, this Court cannot

conclude that Plaintiff's amended complaint meets Rule 9(b)'s heightened

requirements, much less withstand a Rule 12(b) motion. Accordingly, granting

Plaintiff leave to amend his complaint to allege fraudulent concealment would be futile.

C.    Declaratory and Injunctive Relief

Plaintiff asserts in his Motion to Supplement that his claims of gross negligence and fraud provide a basis for declaratory and injunctive relief and damages.  ECF No. 140 at 3.  The Court disagrees.

"[A] claim for declaratory relief is not cognizable as an independent cause of action under the Declaratory Judgment Act, 28 U.S.C. § 2201, where it is based on Defendant's past wrongs and simply duplicates Plaintiff's other causes of action."  *Gray v. OneWest Bank, Fed. Sav. Bank*, No. CIV. 13-00547 JMS, 2014 WL 3899548, at *12 (D. Haw. Aug. 11, 2014).

Plaintiff requests "declaratory and injunctive relief" that the SMA Permit at issue is an unfulfilled, expired permit, which requires the County of Maui to enforce the conditions of the permit, issue the appropriate fines and penalties, and require the Developer to reapply for a new SMA Permit.  ECF No. 140-3 at 14-15.  Plaintiff also requests a declaratory ruling regarding the alleged unlawfulness of certain Notices of Intent to Collect sent by Defendant Milton Arakawa to Salem and other property owners.  *Id* at 15.  Finally, Plaintiff requests "declaratory relief and ruling to declare that the contractual agreements executed

by the County of Maui" cannot be altered by attorneys for private developers without notice to the parties to the three lots or less agreement. *Id*. at 16.

"The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred." *Ruiz v. Mortgage Elec. Registration Sys., Inc*., No. CIV S-09-0780FCDDAD, 2009 WL 2390824, at *5 (E.D. Cal. Aug. 3, 2009) (dismissing claim for declaratory judgment when foreclosure had already occurred and the plaintiff was seeking "to redress past wrongs"). Plaintiff's requests for relief are all based on Defendants' alleged past actions and duplicate Plaintiff's claims for negligence and gross negligence, and fraudulent concealment. Plaintiff's allegations thus seek to remedy harms that have already occurred. Declaratory relief in this action would not prevent the harm Plaintiff alleges has already occurred, *i.e*., the lien on his property and the subsequent foreclosure of the property.

Hawaii's Declaratory Judgment statute, Hawai'i Revised Statutes Section 632-1 is no broader than the Declaratory Judgment Act. Under Hawai'i law, courts must not exercise jurisdiction "over Hawaii state law declaratory judgment actions where the wrongful acts complained of have already been committed and are encompassed by other causes of action." *Gray*, 2014 WL 3899548, at *13 (citing *Kaleikau v. Hall*, 27 Haw. 420, 428 (1923)); *see also Kaaa*

*v. Waiakea Mill Co.*, 29 Haw. 122, 127 (1926) ("[T]his court has held that the courts will not entertain jurisdiction under the Declaratory Judgment Act when it appears that the wrongs complained of have already been committed and that a cause of action already exists, but will leave the injured party to seek redress according to the established methods of procedure."). As stated above, the wrongful acts Plaintiff complains of in his proposed FAC related to his request for declaratory judgment have already been committed and are encompassed by other causes of action. Accordingly, Plaintiff's claim for declaratory judgment fails under both federal and state law. Thus, the Court finds that granting Plaintiff leave to amend his complaint to add the claims for declaratory judgment would be futile.

Plaintiff's request for injunctive relief equally fails as a cognizable cause of action. It is well settled that "a claim for 'injunctive relief' standing alone is not a cause of action." *Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1132 (D. Haw. 2011). Injunctive relief is a remedy, not an independent cause of action. *Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059–60 (E.D. Mo. 2010); *see also Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) (stating that "no independent cause of action for injunction exists").

Plaintiff's "injunctive relief" claim consists of allegations that (1) the SMA Permit at issue is a valid and enforceable subdivision entitlement condition between the County of Maui and the Developer, and (2) the SMA Permit is an

unfulfilled, expired permit, requiring the County of Maui to enforce it.  ECF No.

140-3 at 14.  Plaintiff then alleges that the County of Maui must require Developer

to reapply to the Department of Planning to obtain a new SMA permit.  *Id* at 14-

15.

   "Injunctive relief is designed to deter future misdeeds, not to punish

for past conduct."  *Loya v. Immigration & Naturalization Serv.*, 583 F.2d 1110,

1114 (9th Cir. 1978).  As a matter of law, a plaintiff cannot obtain an injunction as

to alleged past violations of their rights.  *Id*.  Similar to his declaratory judgment

claim, Plaintiff's injunctive relief claim seeks redress for alleged wrongful conduct

that has already occurred.  *See* ECF No. 140-3 at 13 ¶ 41.  Accordingly, Plaintiff

fails to state a claim upon which relief can be granted.  The Court thus finds that

granting Plaintiff leave to amend his complaint to include his claim for injunctive

relief would be futile.  *See Caniadido v. Countrywide Bank, FSB*, No. CIV. 11-

00080 SOM, 2011 WL 2470640, at *4 (D. Haw. June 20, 2011) (dismissing

plaintiff's declaratory and injunctive relief claims without leave to amend because

these claims are remedies, not independent causes of action).

### III.  THE COURT RECOMMENDS THAT THE DISTRICT COURT DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DISMISS THIS ACTION WITH PREJUDICE

   "The district court's discretion to deny leave to amend is particularly

broad where plaintiff has previously amended the complaint." *In re Vantive Corp.*

*Sec. Litig.*, 283 F.3d 1079, 1097-98 (9th Cir. 2002).  *See also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming the district court's dismissal of a complaint with prejudice where the plaintiff has previously been granted leave to amend and had subsequently failed to add the requisite particularity to its claims).  This Court has given Plaintiff multiple opportunities to file a legally sufficient complaint.

From the outset, Plaintiff has evidenced either a refusal or inability to produce a legally sufficient complaint.  The district court originally found that Plaintiff's complaint did not comply with Rule 8 and was an impermissible meandering, repetitive, confusing, and, at times, incomprehensible "shotgun pleading," consisting of 133 pages, 406 numbered paragraphs, 131 pages of declarations and exhibits.  ECF No. 82 at 14.  The district court could not discern what many of the claims were and the grounds upon which many of the claims were based.  When the district court permitted Plaintiff an opportunity to amend his complaint, Plaintiff made very few substantive changes to his proposed FAC, removing only the counts the district court had dismissed with prejudice, then adding an additional ten paragraphs to his Complaint.  This Court thus found that granting Plaintiff to file the proposed FAC attached to his First Motion to file a FAC would not only prejudice the Defendants, but also the Court.  The Court,

however, granted Plaintiff leave to amend and also granted Plaintiff an extension to file his amended complaint when he so requested.

Plaintiff's second Motion for Leave to File FAC is significantly pared down, but as the Court expressed to Plaintiff at the hearing, the Court was unable to discern what his claims were or the grounds upon which the claims were based. The FAC contained three counts, each requesting only declaratory and injunctive relief. At the hearing on the Motion for Leave to File FAC, however, Plaintiff's counsel stated that the only two causes of action Plaintiff was asserting was fraud and gross negligence. The Court expressed to Plaintiff's counsel that Plaintiff's claims for fraud and gross negligence were not readily apparent from the complaint, but nonetheless, took the Motion for Leave to File FAC under advisement and further review. ECF No. 134.

Two weeks after this hearing, Plaintiff again requested leave to supplement his Motion for Leave to File FAC, seeking to add claims for negligence and gross negligence, and fraudulent concealment, which this Court granted in the interest of justice. It appears from Plaintiff's prolific motions practice that, even with the Court's assistance, Plaintiff is unable to produce a legally sufficient complaint.

The Court is also troubled by Plaintiff's repeated errata filings. The docket is littered with multiple filings of errata, which at least on one occasion was

filed a day after the original filing deadline.  *See* ECF No. 90 (filing the Errata to a motion for leave to file a FAC a day after the motion was due).  The Court is concerned with Plaintiff's inability to properly file a brief or motion in the first instance, necessitating an errata after almost every filing in this action.  The Court expects Plaintiff to exercise more caution with future filings before this Court.

Based on the history of Plaintiff's attempts to amend his complaint, and the repeated failures to produce a complaint that states a claim upon which relief can be granted, this Court finds that permitting any further amendments would be an exercise in futility.  The Court finds that Plaintiff is unable to save his complaint by any amendment and thus, declines to provide Plaintiff another opportunity to amend.  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (denying leave to amend because of "repeated failure to cure deficiencies").  This Court thus RECOMMENDS that the district court DENY Plaintiff leave to amend and DISMISS this action with prejudice.

CONCLUSION

The Court GRANTS Plaintiff's Motion to Supplement and thus considers the proposed complaint attached to Plaintiff's Motion for Leave to File a Supplemental Addendum to Proposed First Amended Complaint Exhibit "A" in Plaintiff Salem's Second Motion for Leave et al.  The Court FINDS, however, that granting Plaintiff's Second Motion for Leave to File Plaintiff Christopher Salem's

27

First Amended Complaint would be futile.  The Court thus RECOMMENDS that the district court DENY Plaintiff Christopher Salem's Second Motion for Leave to File a First Amended Complaint with prejudice.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED:    Honolulu, Hawai'i, December 20, 2016.



 /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*CHRISTOPHER SALEM, ET AL. VS. ALAN ARAKAWA, ET AL; CV 15-00384 LEK-KJM;* (1) ORDER GRANTING PLAINTIFF CHRISTOPHER SALEM'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL ADDENDUM TO PROPOSED FIRST AMENDED COMPLAINT EXHIBIT "A" IN PLAINTIFF SALEM'S SECOND MOTION FOR LEAVE ET AL.; AND (2) FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF CHRISTOPHER SALEM'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT