```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

CHRISTOPHER SALEM,              )    CIVIL 15-00384 LEK-KSC
                                )
         Plaintiff,             )
                                )
    vs.                         )
                                )
ALAN ARAKAWA, individually      )
and in his official capacity    )
as MAYOR OF THE COUNTY OF       )
MAUI; et al.,                   )
                                )
         Defendants.            )
_____ )
```

## ORDER DISMISSING CASE WITH PREJUDICE

The instant case was removed to this district court on September 28, 2015, after originally being filed in the Circuit Court of the Second Circuit, State of Hawai`i. See Notice of Removal, filed 9/28/15 (dkt. no. 1), Exh. A, Parts 1-3 ("Complaint"). Plaintiff Christopher Salem ("Plaintiff") filed his Complaint against Defendants:[1]

- County of Maui; Alan Arakawa ("A. Arakawa"), in his official capacity as Mayor of the County of Maui; Patrick Wong ("Wong"), in his official capacity as Corporation Counsel for the County of Maui; Keith Regan ("Regan"), in his official capacity as former Director of the Department of Finance, County of Maui; David Goode ("Goode"), in his official capacity as Director of Public Works, County of Maui; Milton Arakawa ("M. Arakawa"), in his official capacity as former Director of Public Works, County of Maui; William Spence ("Spence"), in his official capacity as Director of Planning, County of Maui; John Minn ("Minn"), in his

---

[1] On March 16, 2017, Plaintiff notified the Court that his attorney, Burton D. Gould, Esq., had passed away and that he would be pursuing the remainder of this case pro se. [Dkt. no. 191.] However, Plaintiff was represented by counsel during the periods at issue in the instant Order.

official capacity as former director of the Department of
Planning, County of Maui; and Jeffrey Hunt ("Hunt"), in his
official capacity as former Director of the Department of
Planning, County of Maui (collectively "County Defendants");

- A. Arakawa, Wong, Regan, Goode, M. Arakawa, Spence, Minn, and
Hunt, in their individual capacities (collectively "Individual
Defendants");[2] and

- Department of the Corporation Counsel, Department of Public
Works, Department of Planning, and Department of Finance
(collectively "County Departments").

In an order filed on December 30, 2015 ("12/30/15 Order"), [dkt. no. 47,] the Court dismissed the claims against the County Departments with prejudice. [12/30/15 Order at 9.[3]]

On March 15, 2016, this Court filed its Order: (1) Granting in Part and Denying in Part Individual Defendants' Motion for Partial Dismissal of Claims in Plaintiff's Complaint, Filed on September 18, 2015, and for a More Definite Statement as to Certain Claims; and (2) Denying as Moot Plaintiff's Motion to Dismiss Defendants' Amended Counterclaim Filed November 12, 2015 Pursuant to FRCP Rule 12(b)(1), (3), (6) ("3/15/16 Order"). [Dkt. no. 82.[4]] The 3/15/16 Order dismissed the Complaint for failing to comply with Fed. R. Civ. P. 8. 2016 WL 1043050, at *4. Specifically, this Court concluded that:

---

[2] The instant Order will refer to the County Defendants and Individual Defendants collectively as "Defendants."

[3] The 12/30/15 Order is also available at 2015 WL 9592492.

[4] The 3/15/16 Order is also available at 2016 WL 1043050.

> [T]he 133-page Complaint, with its 604 numbered paragraphs and 131 pages of declarations and exhibits, is meandering, repetitive, confusing, and, at times, incomprehensible. It consists of a seemingly endless series of statements that Plaintiff insists trace the relevant history of the instant suit. After reading the Complaint multiple times, however, the Court is still unsure of: (1) what many of the claim are; and (2) the grounds upon which many of the claims are based.

Id. In addition, the 3/15/16 Order dismissed Counts VII, IX, and XI with prejudice because they sought to enforce Hawai`i criminal law. Id. at *6-7.

On April 25, 2016, Plaintiff filed a Motion for Leave to File a First Amended Complaint and, on April 26, 2016, he filed an errata to the motion (collectively "First Motion for Leave"). [Dkt. nos. 88, 90.] The magistrate judge held a hearing on the First Motion for Leave on May 31, 2016 ("5/31/16 Hearing"), and he denied the motion on July 22, 2016 ("7/22/16 Order"). [Dkt. nos. 103 (5/31/16 Hearing minutes), 112 (7/22/16 Order).] The magistrate judge explained that Plaintiff's "proposed [First Amended Complaint] consists of 132 pages, 577 paragraphs, and 23 requests for relief. This purportedly amended complaint consists of neither 'short' nor 'plain' statements of his claims." [7/22/16 Order at 12.] Thus, the magistrate judge denied the First Motion for Leave "based on the Court's consideration of judicial economy, the Court's ability to manage the case, and prejudice to Defendants." [Id. at 13.]

Plaintiff filed his Second Motion for Leave to File a First Amended Complaint on August 22, 2016, and he filed an errata to the motion on August 23, 2016 (collectively "Second Motion for Leave"). [Dkt. nos. 122, 124.] The magistrate judge held a hearing on the Second Motion for Leave on September 29, 2016. [Dkt. no. 134.] On October 13, 2016, Plaintiff filed a Motion for Leave to File a Supplemental Addendum to Proposed First Amended Complaint Exhibit "A" in Plaintiff Salem's Second Motion for Leave Et Al. ("Motion to Supplement"). [Dkt. no. 140.] In an Entering Order filed on October 26, 2016, the magistrate judge found that the Second Motion for Leave and the Motion to Supplement should be decided together, and that the Motion to Supplement would be decided without a hearing. [Dkt. no. 143.] On December 20, 2016, the magistrate judge filed his (1) Order Granting Plaintiff Christopher Salem's Motion for Leave to File a Supplemental Addendum to Proposed First Amended Complaint Exhibit "A" in Plaintiff Salem's Second Motion for Leave Et Al.; and (2) Findings and Recommendation to Deny Plaintiff Christopher Salem's Motion for Leave to File a First Amended Complaint ("12/20/16 Order"). [Dkt. no. 163.] The 12/20/16 Order granted the Motion to Supplement, but recommended that this Court deny the Second Motion for Leave on futility grounds. [12/20/16 Order at 3.] On December 30, 2106, Plaintiff filed a motion for an extension of time to file a motion for

reconsideration of the 12/20/16 Order ("Motion for Extension"), and, in an Entering Order filed on January 4, 2017 ("1/4/17 EO"), the magistrate judge granted the Motion for Extension. [Dkt. nos. 164 (Motion for Extension), 167 (1/4/17 EO).] The 1/4/17 EO gave Plaintiff until January 14, 2017 to file a motion for reconsideration, but Plaintiff failed to meet this deadline.

On January 20, 2017, this Court filed its Order Adopting Magistrate Judge's Findings and Recommendations ("1/20/17 Order"). [Dkt. no. 169.] The same day, Plaintiff filed his motion for reconsideration of the 12/20/16 Order, which the magistrate judge denied as untimely on January 24, 2017. [Dkt. nos. 171, 172.] On February 17, 2017, Plaintiff filed a motion for reconsideration of the 1/20/17 Order, pursuant to Fed. R. Civ. P. 59(e), and on February 21, 2017, he filed an errata to the motion for reconsideration (collectively "2/17/17 Motion for Reconsideration"). [Dkt. nos. 181, 183.] In an Entering Order filed on February 24, 2017, this Court denied the 2/17/17 Motion for Reconsideration because it was premature. [Dkt. no. 187.]

Plaintiff has been denied leave to file an amended complaint twice, and there is no complaint pending in this case. Moreover, Plaintiff has not cured the defects identified in the 3/15/16 Order. This Court therefore has the discretion to dismiss the claims in Plaintiff's Complaint with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

5

("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").[5] After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[6] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, this Court finds that Defendants will not be prejudiced by dismissal and there are no less drastic alternatives available at this time.

The claims in Plaintiff's Complaint that this Court previously dismissed without prejudice, are HEREBY DISMISSED WITH PREJUDICE. There being no claims remaining in this case, this

---

[5] Rule 41(b) states, in pertinent part, that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[6] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . :  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and internal quotation marks omitted).

Court DIRECTS the Clerk's Office to enter final judgment and close the case on **May 24, 2017**, unless Plaintiff files a motion for reconsideration of this Order by **May 22, 2017**.[7] The final judgment shall be in favor of Defendants pursuant to the 3/15/16 Order and the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 3, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER SALEM VS. ALAN ARAKAWA, ETC., ET AL; CIVIL 15-00384 LEK-KSC; ORDER DISMISSING CASE WITH PREJUDICE**

---

[7] The Court notes that, on February 1, 2017, the Individual Defendants filed a Motion for an Award of Attorneys' Fees Incurred in Defending Against Plaintiff's Lawsuit ("Motion for Attorneys' Fees") that is still pending before the magistrate judge. [Dkt. no. 173.] The County of Maui filed a substantive joinder to the Motion for Attorneys' Fees on February 8, 2017. [Dkt. no. 175.] In addition, Plaintiff filed a motion related to obtaining access to this district court's electronic case filing system, [filed 4/18/17 (dkt. no. 196),] as well as a separate motion seeking leave from the Court to supplement the memorandum in opposition to the Motion for Attorneys' Fees filed by his late counsel [filed 4/28/17 (dkt. no. 199)]. "It is well established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also Fed. R. Civ. P. 54(d)(2) (requiring motions for attorneys' fees to be filed within fourteen days of entry of judgment). Accordingly, the closure of this case does not affect this district court's ability to rule on these pending motions.

7