IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER SALEM, ) | CIVIL 15-00384 LEK-KSC |
| ) | |
|       Plaintiff, ) | |
| ) | |
|   vs. ) | |
| ) | |
| ALAN ARAKAWA, individually ) | |
| and in his official capacity ) | |
| as MAYOR OF THE COUNTY OF ) | |
| MAUI; et al., ) | |
| ) | |
|       Defendants. ) | |
| _____ ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISTRICT COURT ORDER OF JAN 20TH 2017 AND ORDER OF MAY 3, 2017 ACCEPTING MAGISTRATE JUDGE FINDINGS AND RECOMMENDATIONS**

Before the Court is pro se Plaintiff Christopher Salem's ("Plaintiff") Motion for Reconsideration of District Court Order of Jan 20th 2017 and Order of May 3, 2017 Accepting Magistrate Judge Findings and Recommendations ("Motion for Reconsideration"), filed on May 23, 2017. [Dkt. no. 207.] Defendants Alan Arakawa, Patrick Wong, Keith Regan, David Goode, Milton Arakawa, William Spence, John Minn, and Jeffrey Hunt, all in their individual capacities (collectively "Individual Defendants"), filed their memorandum in opposition on June 5, 2017. [Dkt. no. 210.] On June 13, 2017, Defendants County of Maui, Mayor Alan Arakawa, Corporation Counsel Patrick Wong, former Director of the Department of Finance Keith Regan, Director of Public Works David Goode, former Director of Public Works Milton Arakawa, Director of the Department of Planning

William Spence, former Director of the Department of Planning John Minn, and former Director of the Department of Planning Jeffrey Hunt, all in their official capacities (collectively "County Defendants") filed a joinder to the Individual Defendants' memorandum in opposition to the Motion for Reconsideration ("Joinder"). [Dkt. no. 216.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiff's Motion for Reconsideration and the County Defendants' Joinder are denied for the reasons set forth below.

## BACKGROUND

The background of this matter is well known to the parties, and the Court will only repeat the information that is relevant to the instant motion. In its Order Dismissing Case With Prejudice, filed on May 3, 2017 ("5/3/17 Order"), the Court dismissed all of the remaining claims in this case with prejudice, and directed the Clerk's Office to enter final judgment and close this case on May 24, 2017, unless Plaintiff filed a motion for reconsideration by May 22, 2017. [Dkt. no. 201 at 6-7.]

The Motion for Reconsideration seeks reconsideration of the 5/3/17 Order because: (1) the magistrate judge's order filed on December 20, 2016 ("12/20/16 Order"), [dkt. no. 163,] was the

2

result of manifest error of law and fact; [Motion for Reconsideration at 7-17;] (2) Plaintiff has newly discovered evidence; [id. at 17-18;] and (3) the magistrate judge allegedly treated Plaintiff unfairly and the Court must "prevent manifest injustice" [id. at 18-19].  The Court will address each of these arguments in turn.

### STANDARD

> A motion for reconsideration
>
> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted).  This district court recognizes three circumstances where it is proper to grant reconsideration of an order:  "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice."  Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

**DISCUSSION**

I.  **Motion for Joinder**

In an Entering Order filed on June 6, 2017 ("6/6/17 EO"), the Court noted that it would consider the Motion for Reconsideration without a hearing, the Individual Defendants had filed a memorandum in opposition to the Motion for Reconsideration, and no further briefing would be accepted. [Dkt. no. 212.]  A week later, the County Defendants filed their Joinder.  Given the Court's explicit instructions in the 6/6/17 EO, the Joinder is denied and will not be considered by the Court in ruling on the Motion for Reconsideration.

II. **Timeliness of the Motion for Reconsideration**

While Plaintiff was represented by counsel during the majority of this case, on March 16, 2017, Plaintiff informed the Court that his counsel, Burton D. Gould, Esq., passed away on March 11, 2017.  [Dkt. no. 191.]  As such, Plaintiff is proceeding pro se, and the Court must construe his filings liberally.  See Bernhardt v. Los Angeles Cty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." (some citations omitted) (citing Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001))).  The 5/3/17 Order informed Plaintiff that his deadline to file a motion for reconsideration was May 22, 2017, but Plaintiff did not file the instant motion until May 23, 2017.

4

The Motion for Reconsideration is therefore untimely. See <u>Baker v. Hawai`i</u>, Civil No. 13-00159 LEK-KSC, 2013 WL 6572575, at *1 n.2 (D. Hawai`i Dec. 13, 2013) ("This Court recognizes that [the p]laintiffs are proceeding pro se and that they live on Island of Hawai`i. [The p]laintiffs' pro se status, however, does not excuse them from complying with court rules and deadlines. [The p]laintiffs are therefore responsible for mailing each filing to the district court far enough before the deadline so that the Clerk's Office will receive and file the document on or before the filing deadline." (citation omitted)). Given the special circumstances in this case, the limited time Plaintiff has been pro se, and because the delay did not prejudice either the Individual Defendants or the County Defendants, the Court will consider the Motion for Reconsideration.[1]

### III. **The 12/20/16 Order**

The majority of the Motion for Reconsideration seeks the Court's review of the 12/20/16 Order. Local Rule 74.2 states, in relevant part:

---

[1] Plaintiff purports to bring the Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). [Motion for Reconsideration at 3.] In an Entering Order filed on February 16, 2017 ("2/16/17 EO"), the Court explained that, "[Fed. R. Civ. P.] 59(e) states that '[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.' Judgment has not been entered in this case." [Dkt. no. 180.] Judgment has still not been entered in this case. However, because of Plaintiff's pro se status, and for the sake of judicial efficiency, the Court will liberally construe the Motion for Reconsideration as filed pursuant to Fed. R. Civ. P. 60(b).

5

> Any party may object to a magistrate judge's case dispositive order, findings, or recommendations . . . within (14) days after being served with a copy of the magistrate judge's order, findings, or recommendations.  Any party may move for reconsideration before the magistrate judge pursuant to LR60.1.  A reconsideration motion shall toll the time in which objections must be filed to the magistrate judge's order, findings, or recommendations; objections must be filed and served within fourteen (14) days from entry of the order disposing of the reconsideration motion.  The objecting party shall file with the clerk, and serve on the magistrate judge and all parties, written objections that specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections. . . .  A district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

The Court adopted the 12/20/16 Order as its opinion and order on January 20, 2017 ("1/20/17 Order").  [Dkt. no. 169.]  In the 2/16/17 EO, the Court explained:

> Plaintiff seeks clarification of the 12/20/16 Order from this Court.  Any question about or disagreement with the 12/20/16 Order should have been brought in a motion for reconsideration or an appeal to this Court.  See Local Rule LR74.1.  While Plaintiff did file a motion for reconsideration on January 20, 2017 ("1/20/17 Motion for Reconsideration"), it was denied by the magistrate judge because it was untimely.  [Dkt. nos. 171 (1/20/17 Motion for Reconsideration), 172 (denial of the 1/20/17 Motion for Reconsideration).]  Plaintiff did not appeal the magistrate judge's denial of the 1/20/17 Motion for Reconsideration to this Court.  Any discussion of the 12/20/16 Order here is irrelevant and improper.

[2/16/17 EO at 2.]

Moreover, in an entering Order filed on February 24, 2017 ("2/24/17 EO"), [dkt. no. 187,] the Court reiterated its ruling on this matter:

> Further, and as noted in the 2/16/17 EO, on December 20, 201[6], the magistrate judge filed his (1) Order Granting Plaintiff Christopher Salem's Motion for Leave to File a Supplemental Addendum to Proposed First Amended Complaint Exhibit "A" in Plaintiff Salem's Second Motion for Leave et al.; and (2) Findings and Recommendation to Deny Plaintiff Christopher Salem's Motion for Leave to File a First Amended Complaint, filed on December 20, 2016 ("12/20/16 Order").  [Dkt. no. 163.]  On January 20, 2017, Plaintiff filed a motion for reconsideration of the 12/20/16 Order ("1/20/17 Motion for Reconsideration"), which, on January 24, 2017, the magistrate judge denied as untimely ("1/24/17 Order").  [Dkt. nos. 171 (1/20/17 Motion for Reconsideration), 172 (1/24/17 Order).]  Plaintiff did not appeal the 1/24/17 Order to this Court.  Even if the Court were to consider the instant motion as an appeal brought pursuant to Local Rule 74.1, the deadline for any such appeal has passed.  See Local Rule LR74.1 . . . .  Accordingly, the 2/17/17 Motion for Reconsideration is HEREBY DENIED.[2]

[2/24/17 EO at 1-2.]

The Court has repeatedly informed Plaintiff that any discussion or challenge to the 12/20/16 Order is untimely and improper.  Moreover, it is undisputed that, at the time that the 12/20/16 Order, 1/20/17 Order, 2/16/17 EO, and 2/24/17 EO were

---

[2] The 2/17/17 Motion for Reconsideration refers to Plaintiff's Motion for Reconsideration of District Court Order of Jan 20th, 2017, Pursuant to FRCP Rule 59(e), Accepting Magistrate Judge's Findings and Recommendations, filed on February 17, 2017.  [Dkt. no. 181.]

7

filed, Plaintiff was represented by counsel.  Finally, the 5/3/17 Order was not based upon the 12/20/16 Order, and any argument stating otherwise is incorrect and irrelevant.  To the extent that the Motion for Reconsideration seeks review of the 12/20/16 Order, it must be denied.

## IV.  Newly Discovered Evidence

Plaintiff alleges that the Motion for Reconsideration should be granted because of newly discovered evidence, namely: Shoreline Management Area ("SMA") permit documents, received in November 2015 ("SMA Documents"); and "[c]ounty documents" that show "the open, expired, and unfulfilled SMA permit had been closed by some unknown [c]ounty official" that Plaintiff received after filing his second motion for leave to file an amended complaint ("County Documents").  [Motion for Reconsideration at 17.]

This district court has stated:

Under Rule 60(b)(2),

> [r]elief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due [or reasonable] diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case."

8

> Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)).  Rule 60(b)(2), as amended in 2007, requires "reasonable diligence" (instead of "due diligence") for newly discovered evidence.  The change, however, was "intended to be stylistic only."  See Cole v. Hawaii, 2008 WL 508075, at *1 n.2 (D. Haw. Feb. 26, 2008).

Taqupa v. Vipdesk, Inc., CIV. NO. 13-00428 JMS-KSC, 2016 WL 236210, at *2 n.2 (D. Hawai`i Jan. 19, 2016) (some alterations in Taqupa).  The SMA Documents are not newly discovered evidence.  Between November 2015 and the present, Plaintiff has filed numerous motions and memoranda, including two motions for leave to file an amended complaint.  See Plaintiff's Motion for Leave to File a First Amended Complaint ("First Motion for Leave"), filed 4/25/16 (dkt. no. 88); Plaintiff's Second Motion for Leave to File a First Amended[] Complaint ("Second Motion for Leave"), filed 8/22/16 (dkt. no. 122).  Plaintiff could have included the County Documents in numerous motions and other filings.  To the extent that the Motion for Reconsideration is based upon newly discovered evidence, it must be denied.[3]

---

[3] In a separate part of the Motion for Reconsideration, Plaintiff alleges "newly discovered" evidence about issues related to how the Individual Defendants' counsel was retained and the magistrate judge's former employer. [Motion for Reconsideration at 5.]  These allegations are conclusory and frivolous, and the only support Plaintiff provides for them are equally conclusory and frivolous arguments in a separate filing with the Court.  See Motion for Leave to Supplement Deceased Attorney Burton D. Gould's Opposition to Defendants in Their
(continued...)

## V. Manifest Injustice

Plaintiff's manifest injustice argument is based solely on his disagreement with the 12/20/16 Order. The Court has already stated that the 12/20/16 Order is irrelevant to the instant motion. See supra Section III.

Moreover, there was no manifest injustice in this case. As the magistrate judge explained in an order field on May 31, 2017 ("5/31/17 Order") [dkt. no. 209]:

> Plaintiff's inability to produce a legally sufficient complaint has delayed and disrupted the litigation of this case. From the outset, Plaintiff's complaint did not comply with the [Federal Rules], and it contained incomprehensible and meandering statements that both the district court and this Court found unintelligible. Despite being given ample time to amend this original "shot gun" pleading, Plaintiff failed to make any meaningful changes and instead, added even more claims to the Complaint. This Court then gave Plaintiff two additional opportunities to amend the Complaint, even permitting Plaintiff leave to "supplement," i.e., add additional claims even though (1) he had already submitted his Second Motion for Leave, (2) the Court had held the hearing on the Second Motion for Leave, and (3) this Court had warned him . . . that another failure to cure the deficiencies in his pleading would result in this Court's recommendation to dismiss the entire complaint with prejudice.

[5/31/17 Order at 10.] While Plaintiff's former counsel was responsible for most of these filings, that does not change the

---

[3](...continued)
Individual Capacities and Joinder for Attorney Fees, filed 4/28/17 (dkt. no. 199). Baseless allegations against opposing counsel and a well-respected judge do not provide grounds for granting the instant motion.

fact that Plaintiff was provided with more than ample opportunity to produce a complaint that complies with the Federal Rules. Neither this Court nor the magistrate judge are responsible for his failure to do so.  Plaintiff has failed to provide any reason for the Court to grant the Motion for Reconsideration, and it is therefore denied.

## CONCLUSION

On the basis of the foregoing, pro se Plaintiff Christopher Salem's Motion for Reconsideration of District Court Order of Jan 20th 2017 and Order of May 3, 2017 Accepting Magistrate Judge Findings and Recommendations, filed on May 23, 2017, is HEREBY DENIED.  Further, the County Defendants' Joinder to the Individual Defendants' memorandum in opposition to the Motion for Reconsideration, filed on June 13, 2017, is also DENIED.  The Court DIRECTS the Clerk's Office to enter final judgment and close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 26, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER SALEM VS. ALAN ARAKAWA, ETC., ET AL; CIVIL 15-00384 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISTRICT COURT ORDER OF JAN 20TH 2017 AND ORDER OF MAY 3, 2017 ACCEPTING MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION**

12